**KILPATRICK TOWNSEND
& STOCKTON LLP**
J. David Mayberry (JM 1985)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

William H. Brewster (WB 2245)
Charles R. Henn Jr. (CH 1224)
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEIGHT WATCHERS INTERNATIONAL, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>NOOM, INC.,<br><br>     Defendant. | CASE NO.<br><br>**COMPLAINT** |

Plaintiff, Weight Watchers International, Inc. ("Weight Watchers"), states the

following for its Complaint against Noom, Inc. ("Defendant"):

1

## NATURE OF THE ACTION

1.     For more than half a century, Weight Watchers has built its business under its famous WEIGHT WATCHERS mark by helping millions of people around the world lose weight through a sensible, sustainable approach to food and activity. Weight Watchers provides innovative and technologically-advanced digital weight-management products through its websites, mobile sites and apps, as well as in-person meetings. With 4.6 million active subscribers in 2018—the highest level in the history of the company—Weight Watchers is the world's leading commercial provider of weight-management services.

2.     Weight Watchers is one of the most well-researched weight-management programs available, with dozens of studies appearing in peer-reviewed publications in the last twenty years, including in the *American Journal of Medicine, The American Journal of Public Health* and *The Lancet*.

3.     Weight Watchers' currency, efficacy, and the value of its offerings are widely acknowledged in the marketplace. For instance, since U.S. News and World Report first began rating diet programs in 2010, Weight Watchers has ranked Number 1—for eight consecutive years—in the "Best Weight-Loss Diet" and "Best Commercial Diet Plan" categories.

4.     Through its continuous use and substantial investment, Weight Watchers' WEIGHT WATCHERS, WW, and POINTS marks have become

household names that immediately communicate the quality and high value of Weight Watchers' scientifically-proven, effective weight-management products and services.

5.      Defendant offers weight-loss services delivered through a mobile application.  Rather than investing in its own reputation, Defendant has opted simply to free ride on the benefits of Weight Watchers' goodwill and strong reputation by making baseless, false and misleading comparative claims and using Weight Watchers' famous marks to draw attention to and market Defendant's directly competitive products and services.

6.      As illustrated by the examples from Facebook below, much of Defendant's social media advertising disparages Weight Watchers, claiming that Weight Watchers' products and services are obsolete and ineffective as compared to Defendant's weight-loss program:









7.      Defendant has no right to free ride on the benefits of Weight Watchers' goodwill nor to damage Weight Watchers' strong reputation among consumers, which Weight Watchers has painstakingly built over the course of more than five decades.

8.      In addition, Defendant has peddled patent falsehoods and misleading claims on its website and in its marketing emails. As but one example, in August 2017, Defendant claimed that "Weight Watchers doesn't have an app[.]" Weight Watchers does, of course, have an app; in fact, Weight Watchers' mobile app has been in use since as early as 2009 and is one of the most highly rated and popular weight loss apps on the market.

9.      Defendant also harms consumers by falsely promising that its weight-loss products and services are "proven" effective (they are not) and claiming that consumers can achieve permanent and life-long weight-loss after using Defendant's program for 16 weeks (they cannot).

10.     Weight Watchers' counsel has sent multiple letters to Defendant, objecting to its unlawful conduct, to no avail.

11.     Therefore, Weight Watchers brings this action for false advertising under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a); trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a); unfair and deceptive trade practices under the law of New York, N.Y. Gen. Bus. Law § 349; false advertising under the law of New York, N.Y. Gen. Bus. Law § 350; and common-law unfair competition.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367, and under principles of pendent jurisdiction.

13.     This Court has personal jurisdiction over Defendant because Defendant transacts business in the State of New York and it disseminates advertising that is false and misleading and likely to confuse consumers within the State.

14.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c)(2).

## PARTIES

15.     Weight Watchers is a Virginia corporation, with its principal place of business at 675 Avenue of the Americas, 6th Floor, New York, New York 10010.

16.     Upon information and belief, Defendant is a Delaware corporation, with its principal place of business at 229 West 28th Street, New York, New York 10001.

## FACTS SUPPORTING WEIGHT WATCHERS' REQUESTED RELIEF

### A.   *Weight Watchers' Weight-Management Products and Services*

17.   Weight Watchers is a global wellness company and provides the world's leading commercial weight-management program. With over five decades of weight-management experience, expertise and know-how, Weight Watchers has established itself as the most recognized and trusted brand name in the weight-management industry.

18.   Weight Watchers offers holistic weight-management programs comprised of nutritional, activity, behavioral and lifestyle tools that address both the mental and physical barriers to weight-loss (the "Weight Watchers Program"). Weight Watchers educates its members and provides them with guidance and a supportive community. Weight Watchers delivers the Weight Watchers Program to members through a digital subscription plan that includes options for members to participate in group meetings held weekly at 31,000 locations around the world and access to personal coaching.

19.   The Weight Watchers Program uses the SmartPoints® system developed from a combination of advancements in scientific research and consumer insights. With the SmartPoints system, each food has a SmartPoints value determined by its calories, saturated fat, sugar content and protein content. Members following the SmartPoints system can eat any food as long as the SmartPoints value

of their total consumption stays within their personalized SmartPoints "budget." Since nutritious foods generally have lower SmartPoints values, this approach guides members towards healthier eating patterns.

20.     Weight Watchers has conducted many studies on its efficacy and effectiveness.  The Weight Watchers Program is clinically proven to be effective in numerous randomized controlled studies. Overall, participants randomized to Weight Watchers' conditions have demonstrated significant reductions in weight in the short and long term.

**B.     _Weight Watchers Marks_**

21.     Weight Watchers has used the WEIGHT WATCHERS mark in commerce continuously throughout its history—since 1963—as a symbol of the consistent quality and high value of its products and services.

22.     Weight Watchers has used the WW mark in commerce continuously since 2012 as a symbol of the consistent quality and high value of its products and services.

23.     Weight Watchers has used its proprietary POINTS Weight Loss System, under its POINTS marks, as a significant component of its weight-management plans since at least 1997. Consumers recognize the POINTS marks as a symbol of the quality and high value of Weight Watchers' products and services.

24.     In addition to the common-law rights Weight Watchers has developed through use of its WEIGHT WATCHERS, WW, and POINTS marks, Weight Watchers has registered its marks on the Principal Register in the United States Patent and Trademark Office, as follows:

| Mark: | Registration No. | For: |
|---|---|---|
| WEIGHT WATCHERS | 2,120,106 | Computer programs for managing diet and nutrition. |
| WEIGHT WATCHERS | 4,084,983 | Computer services, namely, creating an online community for registered users to participate in discussions, get feedback from their peers, form virtual communities, and engage in social networking in the field of weight management. |
| WEIGHT WATCHERS | 856,202 | Planning, executing and supervising diet programs by means of group meetings, courses relating to diet and nutrition, and the distribution of literature. |
| WEIGHT WATCHERS | 1,395,251 | Educational services, namely conducting seminars and group instruction in the field of dietary management and providing dietary advice and/or dietary counseling services. |
| WW | 4,990,178 | Computer software for calculating food intake and physical activity (among other things). |

| | 4,773,260 | Computer software for calculating food intake and physical activity (among other things) |
|---|---|---|
| POINTS | 2,139,767 | Food nutrition consultation and advice. |
| POINTS | 3,163,684 | Providing weight reduction planning, treatment and supervision through weight reduction programs featuring counseling, creating diet regimes, and discussions; providing advice, consultation and information in the field of weight control and nutrition. |

Copies of these registrations, all of which are valid, are attached as Exhibit 1. The marks covered by them and their common-law equivalents are collectively referred to as "Weight Watchers Marks."

25.    Registration Nos. 4,084,983, 856,202, and 1,395,251, 2,139,767, and 3,163,684 are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are conclusive evidence of Weight Watchers' ownership of, and exclusive right to use, those marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). Weight Watchers is the sole owner of its trademarks and service marks.

26.    The Weight Watchers Marks are used in connection with the Weight Watchers Program. The Weight Watchers Marks are also used in connection with a

12

wide range of high-quality products offering benefits related to the Weight Watchers Program, including consumer products sold at meetings and through Weight Watchers' websites, licensed and endorsed products sold in retail channels, magazine subscriptions, and other publications.

27.    Weight Watchers has spent substantial sums to promote its products and services using a broad spectrum of advertising, promotional and other marketing programs, including national media vehicles (television, digital, print, radio, etc.), social media platforms (Facebook, Instagram, Twitter, etc.), and branded ambassadors, spokespersons, and social media influencers, including (currently) Oprah Winfrey, DJ Khaled, and Kevin Smith.

28.    Weight Watchers and its affiliates have earned more than $1 billion in sales under Weight Watchers Marks in each of the past five years.

29.    Weight Watchers' products and services have received substantial unsolicited media coverage.

30.    As a result of the continuous and widespread use of Weight Watchers Marks and the extensive advertising and promotion of products and services under these marks by Weight Watchers and its affiliates, Weight Watchers Marks are widely recognized by, and famous among, the general consuming public in the United States.

31.    Because of their widespread and favorable public acceptance and

recognition, Weight Watchers Marks have become distinctive designations of products and services uniquely associated with Weight Watchers and therefore serve to identify Weight Watchers and those products and services that are provided, sponsored, endorsed, authorized by, associated or affiliated with Weight Watchers. Weight Watchers Marks are firmly linked to Weight Watchers' reputation as the world's leading provider of effective weight-management products and services.

32.    Weight Watchers Marks are assets of incalculable value as symbols of Weight Watchers and of the goodwill and high reputation that Weight Watchers has achieved in the public mind.

## B.    _Defendant's Wrongful Actions_

33.    Defendant has disseminated advertising on social media that make false and misleading claims about Weight Watchers' products and services and that also infringe the Weight Watchers Marks to market its competing weight-loss products and services ("Defendant's Program").

34.    As shown in the examples above, some of Defendant's false and misleading claims are:

- You aren't still on MySpace, so why are you doing Weight Watchers®? A smarter way to lose weight;
- The program that millennials are calling Weight Watchers® 2.0. A smarter way to lose weight;
- Millennials are calling it Weight Watchers® for the 21st century. A smarter way to lose weight.

35.    These statements, by necessary implication, claim that the Weight Watchers Program is obsolete and ineffective as compared to Defendant's Program.

36.    Defendant's claims are literally false and also misleading.

37.    Scientific research demonstrates that Weight Watchers' products and services are effective. At least eight randomized and controlled studies conducted since 1998 have established the effectiveness of the Weight Watchers Program. Further, a study conducted five years ago demonstrated that participants enrolled in the Weight Watchers Program using three access points (i.e. meetings, online Website and mobile device application) demonstrated significantly greater weight loss than a self-help condition.

38.    Defendant's Program is not a more effective way to achieve weight-loss results as compared to the Weight Watchers Program.  The Weight Watchers Program contains the same digital features and works just as well, if not better, than Defendant's Program.

39.    Additionally, and alternatively, Defendant's social media advertisements are also likely to cause consumers to believe, incorrectly, that Defendant's products or services are those of Weight Watchers, or that Defendant's products or services are connected with, endorsed or sponsored by, or otherwise affiliated with Weight Watchers, when they are not.

40.    For example, consumers seeing "The program that Millennials are

calling Weight Watchers® 2.0" or "Millennials are calling it Weight Watchers® for the 21st Century" are likely to believe Weight Watchers is offering a new or updated program targeted to its millennial customers or potential customers when, in fact, Defendant's services are in no way related to Watch Watchers.

41.     Defendant is well aware of the goodwill represented and symbolized by Weight Watchers Marks and of Weight Watchers' rights, and that consumers have long recognized and relied upon Weight Watchers Marks to identify products and services associated with or sponsored by Weight Watchers.

42.     Defendant's unauthorized use of Weight Watchers Marks in a prominent, attention-getting manner in its advertising is a clear and deliberate attempt to trade upon Weight Watchers' valuable reputation and goodwill.

43.     Defendant's conduct is likely to cause, and is causing, consumer confusion to the detriment of consumers and Weight Watchers. Defendant's conduct also threatens to harm, and is harming, Weight Watchers' reputation and goodwill in a manner that is irreparable.

44.     In addition to these false and misleading claims about the Weight Watchers Program, Defendant is making false and misleading claims about its own weight loss program.

45.     Defendant falsely claims its weight-loss program is "proven to be effective by several medical journals," as shown below:



46.    In fact, Defendant's Program has not been the subject of randomized, controlled studies and at least three of Defendant's studies are preliminary or pilot studies involving only small groups of people.  These flaws limit any generalizations that can be made from the results.

47.    Defendant's claim that its program is "proven effective" is, therefore, false and misleading.

48.    Defendant further claims, explicitly or by necessary implication, that consumers can expect to achieve permanent weight loss that continues after using

17

Defendant's Program for 16 weeks, as shown in the representative examples below:



49.     Contrary to Defendant's claims, it is well established that permanent weight loss cannot be promised after a consumer stops using a weight-loss product or service.  In fact, in its efforts to address an epidemic of false and misleading weight-loss claims, the FTC has consulted with experts to create a list of seven representations that "simply can't be true."  *See* Federal Trade Commission, Gut

Check: A Reference Guide for Media on Spotting False Weight Loss Claims (2014),
located at *https://www.ftc.gov/tips-advice/business-center/guidance/gut-check-
reference-guide-media-spotting-false-weight-loss* (last visited on October 5, 2018),
attached as Exhibit 2. Thus, according to the FTC, permanent weight-loss claims
like Defendant's "simply can't be true."

50.     Defendant's false and misleading statements are material and likely to
influence the purchasing decisions of a substantial segment of Weight Watchers'
current and potential customers.

51.     Defendant's false and misleading statements are intended to harm, and
are harming, Weight Watchers' reputation and is causing, and will continue to cause,
damage to Weight Watchers' brand.

52.     Despite Weight Watchers' objections, Defendant has refused to cease
its unlawful conduct. Copies of letters sent by Weight Watchers' inside counsel on
February 16, 2017, March 1, 2017, and August 22, 2017, and by outside counsel on
January 31, 2018, to Defendant are attached as Exhibit 3. Weight Watchers provided
Defendant with specific examples of statements Weight Watchers objected to and
provided Defendant ample opportunity to resolve this dispute without court
intervention. Nonetheless, Defendant continues to use disparaging and infringing
advertisements in violation of Weight Watchers' intellectual property rights.

## FIRST CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(a))

53.   Weight Watchers repeats and re-alleges each and every allegation set forth in each of the paragraphs above, and incorporates them by reference.

54.   Defendant has, in interstate commerce, knowingly, willfully, intentionally and maliciously made false or misleading descriptions of fact, or misrepresentations of fact concerning the nature, characteristics, and qualities of the Weight Watchers Program and Weight Watchers' commercial activities and of Defendant's Program and Defendant's commercial activities.

55.   As set forth above, Defendant's advertisements state, by necessary implication suggest, or imply that the Weight Watchers Program is obsolete and ineffective as compared to Defendant's Program.

56.   Defendant's advertisements also state, by necessary implication suggest, or imply that Defendant's Program is proven to be effective by reliable scientific studies and that users will achieve permanent weight-loss by using Defendant's Program for 16 weeks.

57.   Defendant's advertisements are literally false and materially misleading. Defendant's false and misleading statements have the capacity to deceive a substantial portion of Weight Watchers' current and prospective consumers and, upon information and belief, these statements have actually deceived

consumers.

58.    Defendant's false and misleading claims regarding the Weight Watchers Program and Defendant's Program threaten irreparable and ongoing harm to Weight Watchers' reputation and goodwill.

59.    By reason of the foregoing, Defendant's conduct constitutes false or misleading advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.    Weight Watchers has suffered injury because of Defendant's conduct by the diversion of potential sales.

61.    Defendant's conduct is causing irreparable injury to Weight Watchers and to its goodwill and reputation, and will continue to damage Weight Watchers and to deceive the public unless enjoined by this Court. Weight Watchers has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
### (15 U.S.C. § 1114)

62.    Weight Watchers repeats and re-alleges each and every allegation set forth in each of the paragraphs above, and incorporates them by reference.

63.    Weight Watchers owns Registration Nos. 2,120,106, 4,084,983, 856,202, and 1,395,251 for WEIGHT WATCHERS, Registration Nos. 4,990,178 and 4,773,260 for the WW marks, and Registration Nos. 2,139,767 and 3,163,684

for POINTS (collectively, "Weight Watchers' Federally Registered Marks"). *See* Exhibit 1.

64.     Defendant's unauthorized use of Weight Watchers' Federally Registered Marks is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's goods and services.

65.     Defendant's unauthorized use of Weight Watchers' Federally Registered Marks in commerce in connection with advertising Defendant's goods or service, is likely to cause confusion or mistake, or cause the public to believe, erroneously, that Defendant's goods or services originate with, and/or are approved by, Weight Watchers and are subject to Weight Watchers' quality control measures.

66.     Defendant's unauthorized use of Plaintiff's Federally Registered Marks in its advertising is willful, intended to reap the benefit of Weight Watchers' goodwill, and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

67.     Moreover, Defendant's commercial advertising and promotion contains false or misleading descriptions of fact, or false or misleading representations of fact that misrepresent the nature, characteristics, and qualities of the Weight Watchers Program and Defendant's Program.

68.     Weight Watchers has suffered injury because of Defendant's conduct by the diversion of potential sales.

69.     Defendant's conduct is causing irreparable injury to Weight Watchers and to its goodwill and reputation, and will continue to damage Weight Watchers and to deceive the public unless enjoined by this Court. Weight Watchers has no adequate remedy at law. Injunctive relief is warranted considering the hardships between Weight Watchers and Defendant, and the public interest would be served by enjoining Defendant's use of Plaintiff's Federally Registered Marks and any confusingly similar variations of the same.

### THIRD CLAIM FOR RELIEF
### UNFAIR COMPETITION UNDER THE LANHAM ACT
### <u>(15 U.S.C. § 1125(a))</u>

70.     Weight Watchers repeats and re-alleges each and every allegation set forth in each of the paragraphs above, and incorporates them by reference.

71.     Weight Watchers Marks are identified and associated in consumers' minds exclusively with Weight Watchers. Weight Watchers Marks are strong, highly distinctive of Weight Watchers, and entitled to the broadest scope of protection.

72.     Weight Watchers owns all rights in Weight Watchers Marks and has never authorized Defendant to use the Weight Watchers Marks.

73.     Defendant's use of identical reproductions of Weight Watchers Marks in advertisements promoting Defendant's identical or highly related goods and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Weight Watchers, or as to

the origin, sponsorship, or approval of Defendant's goods and services by Weight Watchers.

74.    Defendant is using Weight Watchers Marks with full knowledge that they are associated exclusively with Weight Watchers and exclusively designate Weight Watchers' goods and services. Defendant's acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Weight Watchers Marks.

75.    By deliberately infringing Weight Watchers Marks, and by advertising its services in comparison to those of Weight Watchers, Defendant seeks to capitalize unlawfully on the reputation and goodwill that Weight Watchers, at great expense, has carefully cultivated with the consuming public. Weight Watchers offers effective weight-management services supported by extensive global advertising. By offering similar goods and services using Weight Watchers Marks, Defendant competes unfairly and in a manner prohibited by law.

76.    Defendant's unauthorized use of Weight Watchers Marks in connection with its competing weight-loss products and services violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.    Defendant's conduct is causing irreparable injury to Weight Watchers and to its goodwill and reputation, and will continue to damage Weight Watchers and to deceive the public unless enjoined by this Court. Weight Watchers has no

adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER NEW YORK LAW
## <u>(N.Y. GEN. BUS. LAW § 350)</u>

78.    Weight Watchers repeats and re-alleges each of the allegations set forth in each of the paragraphs above, and incorporates them by reference.

79.    Defendant has made material, false or misleading statements or representations of fact about the Weight Watchers Program and its own program. Specifically, Defendant has claimed, for example, that the Weight Watchers Program is obsolete and ineffective as compared to Defendant's Program and that its own program is proven to be effective by reliably conducted studies, and that a user of Defendant's program will achieve permanent weight loss after completing Defendant's 16-week program, none of which is true.

80.    Defendant's acts constitute false advertising in the conduct of business, trade, or commerce, or in the furnishing of any service in the State of New York in violation New York's General Business Law § 350.

81.    The public is likely to be damaged because of Defendant's deceptive trade practices or acts. Specifically, Defendant's false and misleading statements implicate the health and safety of consumers deceived by Defendant.

82.    Weight Watchers has suffered injury because of Defendant's conduct by the diversion of potential sales.

83.   Defendant's conduct is causing irreparable injury to Weight Watchers and to its goodwill and reputation, and will continue to damage Weight Watchers and to deceive the public unless enjoined by this Court.  Weight Watchers has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**
**UNDER NEW YORK LAW**
**(N.Y. GEN. BUS. LAW § 349)**

84.   Weight Watchers repeats and re-alleges each and every allegation set forth in each of the paragraphs above, and incorporates them by reference.

85.   By reason of the acts set forth above, Defendant has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of New York's General Business Law § 349.

86.   Specifically, Defendant has made deceptive or misleading representations of facts or omissions of fact about the Weight Watchers Program and Defendant's Program that are likely to mislead reasonable consumers.

87.    The public is likely to be damaged because of Defendant's deceptive trade practices or acts. Specifically, Defendant's false and misleading statements implicate the health and safety of consumers deceived by Defendant.

88.   Defendant directs its conduct at consumers, as Defendant's false and misleading statements are contained in advertising targeted toward consumers, including marketing emails sent directly to consumers who express interest in

Defendant's Program.

89.     Defendant's deceptive acts are likely to mislead a reasonable consumer acting reasonably under the circumstances.

90.     Defendant's deceptive acts affect the public interest in New York because, upon information and belief, consumers located in New York have purchased Defendant's Program in reliance on Defendant's false and misleading statements.

91.     Weight Watchers has suffered injury because of Defendant's conduct by the diversion of potential sales.

92.     Defendant's conduct is causing irreparable injury to Weight Watchers and to its goodwill and reputation, and will continue to damage Weight Watchers and to deceive the public unless enjoined by this Court.  Weight Watchers has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## COMMON-LAW UNFAIR COMPETITION

93.     Weight Watchers repeats and re-alleges each and every allegation set forth in each of the paragraphs above, and incorporates them by reference.

94.     Defendant's unauthorized use of marks identical and/or confusingly similar to Weight Watchers Marks to advertise, distribute and sell competing weight-loss products and services constitutes a false designation of origin and a false description or representation that Defendant's weight-loss products or services are

authorized by Weight Watchers, and is thereby likely to confuse consumers.

95. Defendant is using Weight Watchers Marks with full knowledge that they are associated exclusively with Weight Watchers and exclusively designate Weight Watchers' weight-management products and services. Defendant's acts of unfair competition are willful and deliberate and made with an intent to reap the benefit of the goodwill and reputation associated with Weight Watchers Marks.

96. Defendant's sale of its competing weight-loss products and services under Weight Watchers Marks constitutes common-law unfair competition.

97. Additionally, Defendant's advertisements make materially false and misleading statements that misrepresent the nature, characteristics, and qualities of the Weight Watchers Program and Defendant's Program. Defendant's acts of unfair competition are willful and deliberate and made with an intent to deceive consumers.

98. Defendant's conduct is causing irreparable injury to Weight Watchers and its goodwill and reputation, and will continue to damage Weight Watchers and to deceive the public unless enjoined by this Court. Weight Watchers has no adequate remedy at law.

## **PRAYER FOR RELIEF**

Therefore, Weight Watchers requests judgment as follows:

1. That an injunction enjoin Defendant and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns,

and entities owned or controlled by Defendant, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunction, from:

      a)    offering, advertising, or promoting any product or service as an improvement upon Weight Watchers' products or services, including without limitation, by using statements that make false or misleading claims relating to the obsolescence or ineffectiveness of Weight Watchers' products or services as compared to Defendant's Program;

      b)    making any false or misleading representations or false or misleading descriptions of fact concerning or relating to Weight Watchers or any of Weight Watchers' products or services, or otherwise falsely comparing Defendant's weight-loss products or services with Weight Watchers' weight-management products or services;

      c)    making any false or misleading representations or false or misleading descriptions of fact concerning or relating to the proven effectiveness of its weight-loss program, including but not limited to representations that use of Defendant's Program for 16 weeks will cause permanent weight loss;  or

      d)    making any other false or misleading representations or false or misleading descriptions of fact concerning or relating to Defendant's products

or services;

e)    selling, offering for sale, advertising, promoting, displaying, manufacturing, producing, distributing, or circulating any weight-loss products or services tending to deceive, mislead, or confuse the public into believing that Defendant's products or services in any way originate with, are sanctioned by, or are sponsored or affiliated with, Weight Watchers;

f)    imitating, copying, or making unauthorized use of Weight Watchers Marks on or in connection with the sale of its own products or services;

g)    using Weight Watchers Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, in connection with the advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product in such fashion as to relate or connect, or tend to relate or connect, such service or product in any way to Weight Watchers or to any services or goods offered, sponsored, approved by or connected with Weight Watchers;

h)    using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any service offered by Defendant or product manufactured, distributed or sold by Defendant is in any manner associated or connected

with Weight Watchers, or is sold, manufactured, licensed, sponsored, approved or authorized by Weight Watchers, including without limitation, the use of Weight Watchers Marks in connection with the advertisements and promotion of Defendant's products and services on social media;

     i)     engaging in any other activity constituting unfair competition with Weight Watchers, or constituting infringement of Weight Watchers Marks;

2.     Requiring Defendant to account for and pay over to Weight Watchers three times the profits realized by Defendant from its infringement of the Weight Watchers Marks and its false and misleading advertising and unfair competition with Weight Watchers;

3.     Awarding Weight Watchers its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendant's acts of willful trademark infringement, false and misleading advertising, and unfair competition;

4.     Awarding Weight Watchers interest, including pre-judgment interest, on the foregoing sums;

5.     Awarding Weight Watchers its costs in this civil action, as well as reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a);

6.     Awarding Weight Watchers exemplary and punitive damages to deter any future willful infringement and conduct as the Court finds appropriate;

7.     Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised, or promoted by or on behalf of Defendant are authorized by Weight Watchers or related in any way to products and services sold under Weight Watchers Marks or are of superior quality to Weight Watchers' products and services;

8.     Directing Defendant to file with the Court and serve upon Weight Watchers' counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the above; and

9.     Awarding Weight Watchers such other and further relief as the Court may deem just and proper.

DATED: October 19, 2018                    Respectfully submitted,

                                           KILPATRICK TOWNSEND &
                                           STOCKTON LLP

                                           By: */s/ J. David Mayberry*
                                           J. David Mayberry (JM 1985)
                                           1114 Avenue of the Americas
                                           New York, New York 10036
                                           Telephone: (212) 775-8700
                                           Facsimile: (212) 775-8800

                                           William H. Brewster (WB 2245)
                                           Charles R. Henn, Jr. (CH 1224)
                                           1100 Peachtree Street NE, Suite 2800

Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for Plaintiff*