UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEIGHT WATCHERS INTERNATIONAL, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>NOOM, INC.,<br><br>      Defendant. | Case No. 1:18-cv-09637 (PKC)<br><br>**Defendant Noom, Inc.'s Answer to Plaintiff's Amended Complaint** |

Defendant Noom, Inc. ("Noom") hereby answers the Amended Complaint of Plaintiff Weight Watchers International, Inc. ("Weight Watchers") filed on January 22, 2019 (the "Complaint"), as follows:

## NATURE OF THE ACTION

1. Noom admits that the Complaint purports to assert claims for false advertising and trademark infringement. Noom admits that Weight Watchers is a well-known provider of weight-loss services. Noom denies that Weight Watchers is a "pioneer" and has a "stellar" reputation.

2. Noom admits that it offers a behavioral change mobile application—an "app"—that is intended to teach customers psychological tools—habits, mindsets, and practices—that will empower them to make the sustained effort required to lose weight. Noom denies that this service is "directly" competitive with Weight Watchers' primary offerings, and denies that its services are "delivered exclusively" through the app. Noom admits that, to the extent it is part of the "weight loss" industry, it is a newcomer relative to Weight Watchers. Noom denies that it lacks a "well-known brand" or "established reputation."

3. Noom denies the allegations in this paragraph. Noom successfully built its brand without any violations of trademark law.

4. Noom denies that it made any of the claims in this paragraph in the course of commercial advertising. If the claims were made, Noom denies that the claims were false or misleading. Noom admits that one email, sent from a Noom email account, stated that Weight Watchers lacks an app. Noom denies that this email constituted commercial advertising.

5. Noom admits that the Complaint asserts these causes of action.

## PARTIES

6. Noom admits the allegations in this paragraph.

7. Noom admits the allegations in this paragraph.

## JURISDICTION AND VENUE

8. Noom agrees that this Court has subject-matter jurisdiction over the federal claims, and that the Court has discretion to exercise supplemental jurisdiction over the state-law claims. If any federal claims are dismissed, Noom reserves the right to challenge supplemental jurisdiction over state-law claims.

9. Noom admits that this Court has personal jurisdiction over it.

10. Noom admits that venue is proper in this district.

## FACTS SUPPORTING WEIGHT WATCHERS' REQUESTED RELIEF

A. *Weight Watchers' Program*

11. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**B.  *Weight Watchers' Marks***

18. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, except Noom does admit that Weight Watchers advertises widely, including through celebrity endorsers such as Oprah Winfrey, DJ Khaled, and Kevin Smith.

25. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

C. *Defendants' Actions*

30. Noom admits that it offers a behavioral change coaching app that is intended to teach customers psychological tools—habits, mindsets, and practices—that will empower them to make the sustained effort required to lose weight. Noom lacks knowledge or information about what Weight Watchers means by the term "weight loss service." Noom denies that its services are "available solely through a mobile app."

31. Noom admits that Noom caused the posts shown in this paragraph to be posted on Facebook, for viewing by at least some number of Facebook users, in the summer of 2018.

Noom denies that it conducted a "digital marketing campaign" and denies that these posts are "representative examples" of any such "campaign."

32. Noom denies the allegations in this paragraph.

33. Noom denies that it made the claims alleged in this paragraph, or that such claims would be false or misleading if made.

34. Noom denies the allegations in this paragraph.

35. Noom denies that it made such claims, and further denies that the claims would be false or misleading even if Noom had made them. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Consumers are able to lose weight using" or "with" the "Weight Watchers Program."

36. Noom admits that Noom caused the post shown in this paragraph to be posted on Facebook, for viewing by at least some number of Facebook users. Noom lacks knowledge or information sufficient to form a belief about the truth of the vague allegations that Noom "ran other advertisements" and that the post shown in this paragraph is an "example."

37. Noom denies the allegations in this paragraph.

38. Noom denies that it made such claims, or that such claims, if made, would be false or misleading. Noom lacks knowledge or information sufficient to form a belief about the truth of the vague, predictive allegation that "Most consumers will not lose more weight by using Defendant's Program for five weeks than they will lose using the Weight Watchers Program for ten months, nor will most consumers lose more weight faster by using Defendant's Program than they will lose using the Weight Watchers Program."

39. Noom admits that Noom caused the post shown in this paragraph to be posted on Facebook, for viewing by at least some number of Facebook users. Noom lacks knowledge or

information sufficient to form a belief about the truth of the vague allegations that Noom "ran other advertisements" and that this post is a "representative example."

40. Noom admits the allegations in this paragraph. However, Defendants' ellipses are misleading and the advertisement should be viewed as a whole.

41. Noom denies the allegations in this paragraph.

42. Noom denies the allegations in this paragraph.

43. Noom admits that Noom caused the posts shown in this paragraph to be posted on Facebook, for viewing by at least some number of Facebook users. Noom lacks knowledge or information sufficient to form a belief about the truth of the vague allegations that Noom "published other advertisements" and that these posts are "examples." Noom denies that the posts in this paragraph make "similar, very specific and unqualified, 'lose weight for good' claims."

44. Noom denies the allegations in this paragraph.

45. Noom admits that Noom caused the posts shown in this paragraph to be posted on Facebook, for viewing by at least some number of Facebook users. To the extent that Plaintiff alleges additional advertisements not specified here, Noom denies the allegations.

46. Noom denies the allegations in this paragraph.

47. Noom denies that it made any such claims. If such claims were made, Noom denies that they are false or misleading. Noom lacks knowledge or information sufficient to form a belief about the truth of the vague allegations that "Weight Watchers does not employ crash dieting techniques, but instead encourages users to make healthier choices in their food selection and to embrace a healthy and active lifestyle."

48. Noom admits that it caused the commercial, described in this paragraph, to be aired on one cable network. To the extent that Plaintiff alleges additional commercials not specified here, Noom denies the allegations.

49. Noom denies that the transcript in this paragraph is accurate. An accurate transcript is:

[Jennifer]: "I yoyo dieted for years. [Genia:] I counted the points. I followed the rules and it didn't help me long term. [Michelle:] I was just so tired of losing the weight and gaining it all back. [Jennifer:] But I found something new. It's called Noom. [Michelle:] It's not a diet. It's a totally different personalized program […] [Genia:] that uses psychology and small goals to change your habits […] [Jennifer:] so that you can lose the weight […] [Michelle:] and keep it off for good. [Genia:] It's super easy to get started. So what do you have to lose? Visit Noom.com today and lose the weight for good."

50. Noom denies the allegations in this paragraph.

51. Noom denies that it made any such claims, and denies that the claims, if made, would be false or misleading. Noom lacks knowledge or information sufficient to form a belief about the truth of the vague allegations that "The Weight Watchers Program urges members to set goals, change habits and embrace a healthy and active lifestyle—and it has done so since long before Defendant entered the market."

52. Noom admits that an email was sent from this email address but Noom denies in part the title and quote alleged in this paragraph, as follows: The email used "®" after "Weight Watchers."

53. Noom admits that the email stated that Weight Watchers did not have an app. Noom admits that this statement was incorrect at the time the email was sent. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegation that Weight Watchers "has had an app since at least 2009."

54. Noom admits that for at least some period of time, Noom caused the image shown in this paragraph to be displayed on some part of Noom's website. To the extent that Plaintiff means to allege additional statements, those allegations are denied.

55. Noom denies that any claims it has *actually* made are false or misleading. Noom denies that it lacks research to support the claims made. Noom denies the remaining allegations.

56. Noom denies the allegations in this paragraph.

57. Noom denies the allegations in this paragraph.

58. Noom denies the allegations in this paragraph.

59. Noom admits that Noom caused the posts shown in this paragraph to be posted on Facebook, for viewing by at least some number of Facebook users.

60. Noom denies the allegations in this paragraph.

61. Noom denies the allegations in this paragraph.

62. Noom admits that it is aware that consumers associate the trademarked term "Weight Watchers" with the Weight Watchers Program. Noom denies the remaining allegations.

63. Noom denies the allegations in this paragraph.

64. Noom denies the allegations in this paragraph.

65. Noom denies the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(a))

66. Noom realleges and incorporates its responses to the paragraphs above as if fully set forth herein.

67. Noom denies the allegations in this paragraph.

68. Noom denies the allegations in this paragraph.

69. Noom denies the allegations in this paragraph.

70. Noom denies the allegations in this paragraph.

71. Noom denies the allegations in this paragraph.

72. Noom denies the allegations in this paragraph.

73. Noom denies the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## (15 U.S.C. § 1114(1))

74. Noom realleges and incorporates its responses to the paragraphs above as if fully set forth herein.

75. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

76. Noom denies the allegations in this paragraph.

77. Noom denies the allegations in this paragraph.

78. Noom denies the allegations in this paragraph.

79. Noom denies the allegations in this paragraph.

80. Noom denies the allegations in this paragraph.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(a))

81. Noom realleges and incorporates its responses to the paragraphs above as if fully set forth herein.

82. Noom lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

83. Noom admits that Weight Watchers has not authorized Noom to use the Weight Watchers marks. Noom lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

84. Noom denies the allegations in this paragraph.

85. Noom admits that it is aware that consumers associate the trademarked term "Weight Watchers" with the Weight Watchers Program. Noom denies the remaining allegations in this paragraph.

86. Noom denies the allegations in this paragraph.

87. Noom denies the allegations in this paragraph.

88. Noom denies the allegations in this paragraph.

## FOURTH CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER NEW YORK LAW
## (N.Y. GEN. BUS. LAW § 350)

89. Noom realleges and incorporates its responses to the paragraphs above as if fully set forth herein.

90. Noom denies the allegations in this paragraph.

91. Noom denies the allegations in this paragraph.

92. Noom denies the allegations in this paragraph.

93. Noom denies the allegations in this paragraph.

94. Noom denies the allegations in this paragraph.

## FIFTH CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## UNDER NEW YORK LAW
## (N.Y. GEN. BUS. LAW § 349)

95. Noom realleges and incorporates its responses to the paragraphs above as if fully set forth herein.

96. Noom denies the allegations in this paragraph.

97. Noom denies the allegations in this paragraph.

98. Noom denies the allegations in this paragraph.

99. Noom admits that it advertises to consumers by, for example, causing posts to be placed on Facebook. Noom denies that the Coach Heather email constituted commercial advertising.

100. Noom denies the allegations in this paragraph.

101. Noom denies the allegations in this paragraph.

102. Noom denies the allegations in this paragraph.

103. Noom denies the allegations in this paragraph.

## SIXTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER THE COMMON LAW

104. Noom realleges and incorporates its responses to the paragraphs above as if fully set forth herein.

105. Noom denies the allegations in this paragraph.

106. Noom denies the allegations in this paragraph.

107. Noom denies the allegations in this paragraph.

108. Noom denies the allegations in this paragraph.

109. Noom denies the allegations in this paragraph.

## NOOM'S ADDITIONAL DEFENSES

110. Further answering the Amended Complaint, and as additional defenses thereto, Noom asserts the following additional defenses, without assuming the burden of proof when the burden of proof on any issue would otherwise rest with Weight Watchers. Noom expressly reserves the right to amend its answer and defenses as additional information becomes available and/or is otherwise discovered.

## FIRST ADDITIONAL DEFENSE

111. Weight Watchers' Amended Complaint fails to state a claim against Noom upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

112. Any use of Weight Watchers' trademarks by Noom constitutes nominative fair use.

## THIRD ADDITIONAL DEFENSE

113. Weight Watchers cannot demonstrate any likelihood of confusion from Noom's use of Weight Watchers' trademarks.

## FOURTH ADDITIONAL DEFENSE

114. To the extent any of Weight Watchers' claims rest upon use of the word "points" or the phrase "counted the points," such a claim cannot succeed because the term "points" is generic in the weight-loss marketplace and is not validly subject to trademark protection.

## FIFTH ADDITIONAL DEFENSE

115. Weight Watchers has not suffered and cannot demonstrate any harm or damages caused by any of the complained-of conduct and any damages are uncertain, contingent, and speculative.

## SIXTH ADDITIONAL DEFENSE

116.     Weight Watchers is barred from any relief by the equitable doctrine of unclean hands, as it has engaged in the same behavior that it complains of in the Amended Complaint.

## SEVENTH ADDITIONAL DEFENSE

117.     Weight Watchers' claims are barred in part by the applicable statutes of limitations and by the doctrine of estoppel by laches.

## EIGHTH ADDITIONAL DEFENSE

118.     Weight Watchers' requested injunctive relief is overbroad, beyond the jurisdiction of this Court, and would infringe Noom's rights under federal and state law to free expression.

## PRAYER FOR RELIEF

WHEREFORE, Noom respectfully requests that this Court:

A. Enter judgment on Noom's behalf on each of the counts in Weight Watchers' amended complaint;

B. Dismiss the amended complaint with prejudice,

C. Award Noom its costs and attorney fees, and

D. Grant Noom such other and further relief as the court deems fair and equitable.

Dated: October 22, 2019
       New York, New York

Respectfully submitted,

*/s/ Steven M. Shepard*

SUSMAN GODFREY L.L.P.
Steven M. Shepard
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019-6023
sshepard@susmangodfrey.com

*Attorneys for Defendant Noom, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 22, 2019, I caused the foregoing document to be served on all counsel of record by ECF.

                                                       */s/ Steven M. Shepard*
                                                     Steven M. Shepard